PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| 155 SOUTH PARK LLC, | ) | |
| | ) | CASE NO.  4:25-CV-1027 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHRISTOPHER TANEYHILL, *et al*., | ) | |
| | ) | |
| | ) | **CORRECTED ORDER** |
| Defendants. | ) | |
| | ) | |

This matter came before the Court on May 20, 2025, on 155 South Park LLC's Motion for Emergency Temporary Restraining Order and Preliminary Injunction (ECF No. 3).  The Court held a hearing on May 20, 2025.  The Court, being duly advised, grants Plaintiff's Motion in part.  For the reasons below, the Court grants Plaintiff a Temporary Restraining Order in accord with its request at ECF No. 3; *see also* Verified Compl. (ECF No. 1).

### I.

FED. R. CIV. P. 65(b)(1) permits that a Court may issue a Temporary Restraining Order without written or oral notice to the adverse party if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id*.

(4:25-CV-1027)

In determining whether a Temporary Restraining Order is appropriate, district courts look to four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm in the absence of preliminary relief; (3) whether the injunctive relief will cause substantial harm to others; and (4) whether the public interest will be served by granting relief." *Taylor v. Iadicicco*, No. 24-5157, 2024 WL 4601502, at *3 (6th Cir. Oct. 22, 2024); *Thompson v. DeWine*, 976 F.3d 610, 615 (6th Cir. 2020) (per curiam).

As Plaintiff explains, the demolition set for May 20, 2025, "will inflict irreparable harm, including the destruction of Plaintiff's investments and possible physical damage to the adjoining Boyle Building which shares a wall with the building." *See* ECF No. 1 at PageID #: 5.  Plaintiff will suffer irreparable harm if the building is demolished.  There will also be substantial harm to others.  There is a public interest in granting Plaintiff a Temporary Restraining Order, because if the demolition occurs, the demolition of the building "will irreversibly alter the architectural integrity and historic character of the Warren Downtown Historic Commercial District, where the property is located, to the detriment of the public interest and in violation of federal and state preservation policies." ECF No. 1 at PageID #: 6.  Plaintiff also maintains that the commercial building has a historical significance, and "its destruction would cause irreparable harm to the architectural integrity and historical fabric of the community—violating both federal and state historic preservation policies." ECF No. 1 at PageID #: 6.

## II.

The Court grants Plaintiff a Temporary Restraining Order (ECF No. 3).  The Temporary Restraining Order will take effect upon the posting of this Order, which is effective May 20, 2025 at 3:25 PM.  This Order shall remain in full force and effect for 14 days, until June 3, 2025

2

(4:25-CV-1027)

at 3:25 PM, unless modified by the undersigned, superseded by the issuance of a preliminary

injunction, or the matter is resolved by the parties.

### III.

     For the reasons above, and as stated on the record, Defendants are prohibited from

demolishing 155 South Park Avenue, a 33,000 square foot commercial building located at 155

South Park Ave, Warren, Ohio until further order of the Court.

     A hearing on the preliminary injunction shall be held on June 3, 2025 at 11:00 am.


     IT IS SO ORDERED.

| May 20, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

3